■ CHRISTOPHER CONFORTI, an Infant, by CARMINE CONFORTI, His Father and Natural Guardian, et al., Appellants, v CHAIM BABAD et al., Defendants, and AUSCHER BABAD, Defendant and Third-Party Plaintiff-Respondent. FULL SCALE CONSTRUCTION COMPANY, INC., Third-Party Defendant-Respondent.—Mahoney, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered December 14, 1990 in Rockland County, which granted defendant Auscher Babad's motion for summary judgment dismissing the complaint against him and third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

This action alleging common-law negligence and violations of Labor Law §§ 240 and 241 (6) arises out of injuries sustained by plaintiff, a carpenter employed by third-party defendant, when he fell from a ladder during construction of a building in Rockland County. Defendant and third-party plaintiff Auscher Babad (hereinafter Babad) and defendant Oster Construction Corporation are, respectively, landowner and general contractor. Following joinder of issue and the completion of discovery, Babad moved, *inter alia,* for summary judgment dismissing the complaint against him.

The evidence in support of the motion established that Babad, a resident of Israel, while title owner to the subject property as of the date of the accident, was title holder in name only, acquiring the subject property as an accommodation to his congregation, Kahal Bais Usher Mordchi, which advised that it intended to erect a synagogue thereon. Babad had no involvement whatsoever in designing, planning, contracting for or supervising construction of the prospective building. As reflected in the uncontroverted testimony of Mark Ludvigsen, an employee of third-party defendant which did the actual construction, obtained the building permit and certificate of occupancy for the structure, the building was constructed as a single-family dwelling, not a synagogue. According to the testimony of Sholem Mendelovitz, a Rabbi, the dwelling is home to him, his wife and 10 children. Periodically, 40 men of the congregation hold religious meetings at the dwelling. Concluding that the building was constructed as and is a single-family dwelling and that its status as such was not lost through periodic use as a religious meeting place, Supreme Court granted Babad's motion for summary judgment dismissing the complaint against him and the related cross motion by third-party defendant dismissing Babad's third-party claim against it. Plaintiff appeals.

We affirm. As we stated in *Zahn v Pauker* (107 AD2d 118, 119): Labor Law § 240 (1) provides, *inter alia,* that: " 'All contractors and owners * * * *except owners of one and two-family dwellings who contract for but do not direct or control the work,* in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect * * * for the performance of such labor, scaffolding * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed' " (emphasis supplied). A violation of this nondelegable duty imposes absolute liability upon an owner and general contractor when injuries occur to a worker as a result of a breach *(supra).* Thus, the sole issue for resolution is whether Babad, as title holder of the subject premises as an accommodation to the congregation, of which he was a member and to which he later transferred title, is entitled to the exemption for one-family dwellings as promised in Labor Law § 240 (1) and § 241.

We hold that he is so entitled *(see, Pigott v Church of Holy Infancy,* 179 AD2d 161 [decided herewith]). Plaintiff concedes that Babad did not control, direct or supervise the work being performed on the structure, nor does he dispute that Babad, who resides in Israel, was never on the property and never supplied any equipment or material or contracted for any services in connection with the structure. The indisputable fact is that third-party defendant obtained the necessary permits for the construction of a single-family residence and said dwelling is occupied by Mendelovitz, his wife and 10 children. The mere incidental use of a single-family residence for weekly religious services cannot change the character of a dwelling and, thus, cannot deprive the owner thereof of the exemption which exists under Labor Law § 240 (1) and § 241 *(see, Van Amerogen v Donnini,* 78 NY2d 880).

Levine, J. P., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.