■ GREYSTONE HOTEL Co. et al., Respondents, v CITY OF NEW YORK BOARD OF STANDARDS AND APPEALS et al., Appellants. [625 NYS2d 534] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered February 9, 1994, which granted petitioners' motion in this CPLR article 78 proceeding for summary judgment annulling the decision of respondent Board of Standards and Appeals dated December 15, 1992, declared that the subject building be reclassified to J-2 occupancy status, and permanently tolled a violation order of the Fire Department dated August 16, 1993 and remanded same to the Fire Department for reconsideration, unanimously affirmed, without costs.

While the interpretation of a statute by the agency charged with its enforcement is given great weight if not irrational, unreasonable or inconsistent with the governing statute, the agency's special competence or expertise provide little basis for reliance if the words of the statute are clear, the question involved is the proper application of the provision, or the agency's interpretation contravenes the statute's plain words *(Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 62 NY2d 539, 545).

Respondent classified petitioners' building, a Class "B" multiple dwelling pursuant to its Certificate of Occupancy, as Occupancy Group J-1 ("primarily occupied * * * on a day-to-day or week-to-week basis" [Administrative Code of City of NY § 27-264]), thus subjecting it to the heightened fire safety requirements of Local Laws, 1984 and 1987, No. 16 of the City of New York. Petitioners appealed, contending that despite the designation in the Certificate of Occupancy, the building was actually occupied by permanent tenants or students and should be classified as Occupancy Group J-2 ("primarily occupied * * * on a month-to-month or longer term basis" [Administrative Code § 27-265]). The court properly found that respondent's interpretation contradicted the express language of the statute as well as its purpose, to wit, to protect transients

who were unfamiliar with the building's means of fire escape. The court agreed with the holding of Justice Stecher in a similar case that "[t]he problem with respondents' interpretation is that the Administrative Code classified buildings as occupancy group J-1 and J-2 by how they are *primarily* occupied,' not merely 'occupied'. The addition of the words 'are primarily' indicates that the legislature was concerned with actual and not merely authorized usage" *(Lincoln Sq. Apts. v Board of Stds. & Appeals,* Sup Ct, NY County, Nov. 1989, index No. 11646/89). The court also properly permanently tolled the Fire Department violation order, finding no real purpose would be served in requiring unnecessary and expensive administrative appeals. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Tom, JJ.