■ ANNA M. JAEGER, Respondent, v ANTHONY M. SPINA, Defendant and Third-Party Plaintiff. HENRY JAEGER, as Administrator of the Estate of ADOLPH JAEGER, Deceased, Third-Party Defendant-Appellant. [637 NYS2d 563] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action seeking damages for personal injuries allegedly sustained in an automobile accident. Defendant, Spina, commenced a third-party action seeking indemnity and contribution from the estate of the driver of the car in which plaintiff was a passenger. Third-party defendant, the Administrator of the driver's estate, appeals from an order denying his motion to dismiss plaintiff's complaint for failure to prosecute.

Contrary to the contention of plaintiff, a third-party defendant may bring a motion to dismiss plaintiff's complaint for failure to prosecute under CPLR 3216 *(Cleary v Starkweather,* 165 AD2d 967; *Wainwright v Lively & Co.,* 99 AD2d 490, 491; *see,* CPLR 1008). Plaintiff, the "party against whom such relief is sought", must have been served, by registered or certified mail, with a 90-day demand (CPLR 3216 [b] [3]). Here, the Administrator, by certified mail, served plaintiff with a 90-day demand. After plaintiff failed to comply with the demand, the Administrator moved to dismiss the complaint for failure to prosecute. Supreme Court denied the motion on the ground that the Administrator failed to serve a 90-day demand upon defendant third-party plaintiff, Spina. That was error.

CPLR 1008 provides that a "third-party defendant shall have the rights of a party adverse to the other parties in the action". Here, the delay in prosecuting the complaint necessarily delayed the prosecution of the third-party complaint. Spina was not the dilatory party, and thus, the Administrator was not required to serve him with a demand under CPLR 3216 (b) (3). We note that Spina received notice of both the demand and

the motion to dismiss and could have sought the same relief as the Administrator. His failure to do so should not work to the Administrator's detriment. We therefore conclude that it was error to deny the Administrator's motion on that ground.

CPLR 3216 (e) requires a plaintiff faced with a motion to dismiss for failure to prosecute to demonstrate both a "justifiable excuse for the delay and a good and meritorious cause of action". Plaintiff failed to meet that burden (see, Cook v Blue Ridge Ins. Co., 198 AD2d 795), requiring dismissal of the complaint. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Dismiss Complaint.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.