(April 1, 1997)

■ WILFREDO MUNIZ et al., Respondents, v CHURCH OF OUR LADY OF MT. CARMEL, Respondent and Third-Party Plaintiff-Respondent. NYAHAY REPLACEMENT WINDOWS, Third-Party Defendant-Appellant. [655 NYS2d 38] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered September 7, 1995, which, insofar as appealed from, denied third-party defendant's cross motion for summary judgment dismissing plaintiff's complaint, unanimously reversed, on the law, without costs, the cross motion granted, and the complaint dismissed. Upon a search of the record, defendant's cross motion to dismiss the complaint is granted and the indemnification claim against third-party defendant is dismissed. The Clerk is directed to enter judgment dismissing the complaint and third-party complaint.

Plaintiff, an employee of third-party defendant Nyahay Replacement Windows, was injured while removing a window in the kitchen of the defendant Church's rectory. He brought an action against the Church, which in turn brought a third-party action against the window company. Plaintiff alleged common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241. The latter two require that property owners take certain safety measures to protect persons engaged to make repairs on their premises, but specifically exempt "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]).

Following discovery, all parties moved for summary judgment. The IAS Court granted defendant's motion only to the extent of dismissing the common-law negligence and Labor Law § 200 claims, citing the absence of any proof of defendant's negligence; third-party defendant's concession that defendant had not supervised plaintiff's work; and plaintiff's lack of op-

position to the cross motion in this respect. The court also granted the Church's motion for indemnity as against the third-party defendant. With respect to the claims under Labor Law §§ 240 and 241, summary judgment was denied to all parties. As to plaintiff and defendant, the court found that factual issues existed as to whether the parish house, or rectory "falls within the one or two-family dwelling exception" of the statutory provisions, and, as to the third-party defendant, the court found it was not entitled to seek dismissal of plaintiff's complaint because plaintiff had asserted no cause of action directly against it. Only the third-party defendant appeals from the court's order.

Contrary to the IAS Court's finding, the third-party defendant was entitled to seek summary judgment as against the plaintiff. Under CPLR 1008, a third-party defendant "may assert against the plaintiff * * * any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant shall have the rights of a party adverse to the other parties in the action" (*Jaeger v Spina*, 224 AD2d 951). Moreover, we find that the third-party defendant's motion for summary judgment to dismiss the complaint should have been granted.

It is clear that the rectory here is, first and foremost, the residence of the parish priests. The mere fact that parts of the rectory are used for nonresidential purposes in connection with certain Church-related work does not automatically deprive the Church of the benefit of the exemption. Rather, where a single structure is used for both residential and commercial or business purposes, the site and purpose of the injured plaintiff's work must be analyzed in order to determine whether the exemption applies (*Bartoo v Buell*, 87 NY2d 362; see, *Cannon v Putnam*, 76 NY2d 644). Where the work contracted for relates to the residential nature of the premises—even if the work will fortuitously benefit the commercial use of the premises—the exemption is applicable. In both *Bartoo* and its companion case, *Anderson v Flanagan*, the subject structures were used for an ongoing business in addition to their residential purposes. Nonetheless, the Court of Appeals found that, in each case, the work contracted for related to the residential nature and use of the structure, and the exemption was therefore available to the owners.

In the case before us, the work contracted for—the replacement of two windows in the parish house kitchen—was wholly related to the residential nature of the rectory; the kitchen served no purpose in connection with the incidental Church

business conducted on the premises. Under *Bartoo* and *Anderson (supra)*, therefore, the defendant is entitled to invoke the benefit of the statutory exemption.

Accordingly, third-party defendant's motion to dismiss the complaint is granted. Upon a search of the record, defendant's motion to dismiss the complaint on the same grounds is also granted, and the indemnification claim against the third-party defendant is dismissed as academic. Concur—Murphy, P. J., Sullivan, Milonas, Rubin and Andrias, JJ.