■ SHANE BEGOR, Appellant-Respondent, v MID-HUDSON HARDWOODS, INC., et al., Respondents, BRENNER & McHUGH, INC., et al., Appellants, et al., Defendants. [754 NYS2d 57] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 14, 2002, as granted the respective cross motions of the defendant Daniel Connors, and the defendants Mid-Hudson Hardwoods, Inc., and Brian M. Arico, for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Brenner & McHugh, Inc., and Anthony Brenner separately appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants Brenner & McHugh, Inc., and Anthony Brenner which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them and substituting therefor a provision granting that branch of their cross motion; as so modified, the order is affirmed insofar as appealed from, the Labor Law § 200 and common-law negligence causes of action are dismissed insofar as asserted against the defendants Brenner & McHugh, Inc., and Anthony Brenner, those causes of action are severed insofar as asserted against the remaining defendants, and one bill of costs, payable by the plaintiff, is awarded to the defendants appearing on these appeals.

The defendants Brenner & McHugh, Inc., and Anthony Brenner (hereinafter the Brenner defendants) allegedly were hired as general contractors to build a one-family house on property owned by the defendant Daniel Connors. The defendants Mid-Hudson Hardwoods, Inc., and Brian M. Arico (hereinafter the Mid-Hudson defendants) agreed to clear trees from the property so that the house could be built. In turn, the Mid-Hudson defendants contracted with Four Seasons Logging and Land Clearing (hereinafter Four Seasons) to cut down the trees. The plaintiff was hired by Four Seasons to cut down the trees, and was injured when he was struck by a falling tree.

Contrary to the plaintiff's contentions, Connors and the Mid-

Hudson defendants were entitled to summary judgment dismissing the causes of action predicated upon Labor Law § 200 and common-law negligence insofar as asserted against them. Liability will be imposed upon an owner or general contractor under Labor Law § 200 only where the plaintiff's injuries were sustained as the result of a dangerous condition at the work site, rather than as the result of the manner in which the work was performed, and then only if the owner or general contractor exercised supervision and control over the work performed at the site or had actual or constructive notice of the unsafe condition causing the accident (*see Giambalvo v Chemical Bank,* 260 AD2d 432). Here, in response to the prima facie showing of entitlement to judgment as a matter of law made out by Connors and the Mid-Hudson defendants, the plaintiff failed to demonstrate that they had notice of the alleged dangerous condition which precipitated his injuries or that they maintained the requisite supervision or control over the activity that caused his injuries. Although there is evidence that the defendant Anthony Brenner, Connors' alleged agent, and the Mid-Hudson defendants had some general supervisory duties over the tree-cutting operation, those responsibilities did not rise to the level of supervision or control necessary to impose liability under Labor Law § 200 and common-law negligence (*see Mas v Kohen,* 283 AD2d 616, 617).

The plaintiff's cause of action pursuant to Labor Law § 200 also should have been dismissed insofar as asserted against the Brenner defendants, since there is no evidence that the Brenner defendants exercised supervision and control over the work performed at the work site or had actual or constructive notice over the unsafe condition which allegedly caused the plaintiff's injuries (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Giambalvo v Chemical Bank, supra*).

The Supreme Court properly dismissed the plaintiff's causes of action pursuant to Labor Law § 241 (6) insofar as asserted against Connors and the Mid-Hudson defendants. The Industrial Code provisions cited by the plaintiff are inapplicable (*see* 12 NYCRR 23-1.33 [a]; 23-3.3).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.