■ EDWARD BAEZ et al., Appellants, v COW BAY CONSTRUCTION et al., Respondents. [756 NYS2d 281] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (LaTorella, J.), dated April 23, 2002, which granted the motion of the defendant Russia House at Kings Point, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, dated May 22, 2002, which granted the motion of the defendant Cow Bay Construction for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed, with one bill of costs.

The injured plaintiff allegedly sustained personal injuries when he fell off a 10- to 13-foot high stack of concrete while working at property owned by the defendant Russia House at Kings Point, Inc. (hereinafter Russia House). The project on which the injured plaintiff was working involved the construction of two single-family houses, which the sole shareholder of Russia House and his family were going to use for residential purposes. The injured plaintiff and his wife brought the instant action against Russia House and the defendant Cow Bay Construction (hereinafter Cow Bay), a prime contractor hired to perform landscaping, grading, drainage, and irrigation on

the project, to recover damages, inter alia, for the injured plaintiff's personal injuries. They asserted causes of action under Labor Law §§ 200, 240 (1) and § 241, as well as a cause of action alleging common-law negligence.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the motion of Russia House for summary judgment dismissing the complaint insofar as asserted against it. As to the causes of action pursuant to Labor Law § 240 (1) and § 241, Russia House established a prima facie case that the construction project on which the injured plaintiff was injured involved the construction of two single-family houses which were going to be used as residences for the sole shareholder of Russia House and his family. Russia House was therefore entitled to the statutory exemptions from liability under those sections (*see* Labor Law § 240 [1]; *Bartoo v Buell,* 87 NY2d 362, 368 [1996]; *Putnam v Karaco Indus. Corp.,* 253 AD2d 457 [1998]; *Telfer v Gunnison Lakeshore Orchards,* 245 AD2d 620 [1997]). Russia House also established a prima facie case that the injured plaintiff's employer, Ziraule, Inc., was the general contractor on the project, and that it (Russia House) neither directed nor controlled the work (*see Valentin v Thirty-Four Sq. Corp.,* 227 AD2d 467 [1996]; *Angelucci v Sands,* 297 AD2d 764, 766 [2002]; *Putnam v Karaco Indus. Corp., supra* at 459). The Supreme Court therefore properly dismissed the common-law negligence and Labor Law § 200 causes of action insofar as asserted against Russia House (*see Putnam v Karaco Indus. Corp, supra*).

Finally, the Supreme Court properly granted Cow Bay's motion for summary judgment dismissing the complaint insofar as asserted against it, as it had no authority to control and supervise the work which the injured plaintiff was performing when he was injured (*see Russin v Picciano & Son,* 54 NY2d 311 [1981]).

The plaintiffs' remaining contentions are without merit. Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.