■ PHILIP FERNEZ, Appellant, v FRANCIS L. KELLOGG et al., Respondents, et al., Defendant. (And a Third-Party Action.) [767 NYS2d 864]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered September 26, 2002, as granted those branches of the motion of the defendants Francis L. Kellogg and Mill Pond Investment Company which were for summary judgment dismissing the causes of action based upon Labor Law §§ 200 and 241 (6), and common-law negligence, insofar as asserted against them, and denied the plaintiff's cross motion for summary judgment on the Labor Law § 241 (6) cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the causes of action based upon Labor Law §§ 200 and 241 (6), and common-law negligence, insofar as asserted against the defendants Francis L. Kellogg and Mill Pond Investment Company, and substituting therefor a provision denying those branches of the motion and reinstating those causes of action insofar as asserted against those defendants; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff, a plumber's assistant, was injured when he fell into an unguarded excavation while fixing a leaking water pipe on premises owned by the defendant Mill Pond Investment Company. The plaintiff alleges that as he was working outside the excavation, a portion of the ground collapsed into the excavation in which he fell. The excavation was created by a groundskeeper on the property at the direction of the defendant Francis L. Kellogg.

Insofar as is relevant to this appeal, the Supreme Court granted those branches of the motion of the defendants Kellogg and Mill Pond Investment Company (hereinafter the defendants)

which were for summary judgment dismissing the plaintiff's causes of action based upon Labor Law §§ 200 and 241 (6), and common-law negligence, insofar as asserted against them. However, in opposition to the defendants' prima facie showing of entitlement to summary judgment, the plaintiff demonstrated the existence of triable issues of fact.

With respect to the Labor Law § 200 and common-law negligence causes of action, the plaintiff adduced evidence that the defendants created the dangerous condition that allegedly caused his injuries. This showing precluded an award of summary judgment in the defendants' favor as to those causes of action (*see Lehner v Dormitory Auth. of State of N.Y.*, 221 AD2d 958, 959 [1995]; *Samiani v New York State Elec. & Gas Corp.*, 199 AD2d 796, 797 [1993]).

With respect to the cause of action based upon Labor Law § 241 (6), the plaintiff adduced evidence raising triable issues of fact as to whether the defendants may be held liable for an alleged violation of 12 NYCRR 23-4.2 (a), the Industrial Code regulation specifying the circumstances in which the sides of an excavation must be braced with shoring or other protection. The Supreme Court granted summary judgment to the defendants dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them on the ground that the defendants were exempt from liability under the single-family homeowners exemption (*see Bartoo v Buell*, 87 NY2d 362 [1996]; *Baez v Cow Bay Constr.*, 303 AD2d 528, 529 [2003]; *Telfer v Gunnison Lakeshore Orchards*, 245 AD2d 620 [1997]). However, because the defendants allegedly participated in the work, creating the dangerous condition (*see Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 350 [1998]), the exemption may not be available to them.

The plaintiff's remaining contention is without merit. S. Miller, J.P., Friedmann, Townes and Mastro, JJ., concur.