■ SHARON M. CHANG, Respondent, v CHUNBUKYO CHURCH et al., Appellants. (And Third-Party Actions.) [793 NYS2d 114]—

In an action, inter alia, to recover damages for personal injuries based on violation of Labor Law § 241 (6), strict products liability, and failure to warn, the defendants Chunbukyo Church and David Kim appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 26, 2004, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241 (6) insofar

as asserted against them, the defendant Home Depot, Inc., separately appeals from so much of a second order of the same court, also dated May 26, 2004, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Sears Roebuck & Co. and Black & Decker US, Inc., separately appeal, as limited by their brief, from so much of the second order as denied that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendants appearing separately and filing separate briefs.

On December 23, 2000, the plaintiff's decedent was fatally injured while he was using a 4½ inch hand-held electric-powered angle grinder with an eight-inch cut-off wheel to cut a gas pipe, while converting the basement of the residence of the defendant David Kim into a chapel for the defendant Chunbukyo Church (hereinafter the church). The eight-inch wheel, which the decedent purchased from the defendant Home Depot, Inc. (hereinafter Home Depot), and which he had mounted to the grinder, shattered, and its pieces hit him in the head. The grinder was manufactured by the defendant Black & Decker US, Inc. (hereinafter Black & Decker), and was purchased from the defendant Sears Roebuck & Co. (hereinafter Sears).

The church and Kim (hereinafter collectively the church defendants) made a prima facie showing that the single-family home exemption to liability under Labor Law § 241 (6) was applicable (see Cannon v Putnam, 76 NY2d 644 [1990]; Baez v Cow Bay Constr., 303 AD2d 528, 529 [2003]). However, the plaintiff raised a triable issue of fact as to whether the basement conversion work was directly related to the property's residential use. Therefore, the Supreme Court correctly denied that branch of the church defendants' motion which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241 (6) insofar as asserted against them.

Home Depot argues, inter alia, that it was entitled to summary judgment dismissing the cause of action alleging a failure to warn, since a blotter containing warnings was affixed to the wheel, and a safety guide accompanied each wheel sold. Home Depot presented evidence that the wheel manufacturer provided a safety guide with each wheel that was shipped to Home Depot, and affixed a label to each delivery carton instructing Home Depot to provide a safety guide to each purchaser. However, Home Depot failed to present any evidence that it actually

provided safety guides to any customer, including the decedent, at the time of purchase. Therefore, since Home Depot failed to demonstrate its prima facie entitlement to summary judgment, the Supreme Court properly denied its motion (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

Among the exhibits annexed to the cross motion for summary judgment of Black & Decker and Sears was a report prepared by the plaintiff's experts which indicated, among other things, that the subject grinder, which was intended for use with wheels 4½ inches in diameter or smaller, should have been equipped with a permanently-mounted wheel guard to prevent an eight-inch cut-off wheel from being installed on it, and to provide the user with "some protection in the event of wheel breakage." The experts' report also indicated that the experts had modified the grinder design by adding a "small protrusion" to the outer casting to prevent the attachment of wheels larger than five inches in diameter, while still permitting the use of the subject guard. The plaintiff's experts further indicated that while an engineer employed by Black & Decker acknowledged during his deposition that he and his design team examined the experts' proposed design modification, the engineer failed to explain why the modification was not acceptable. In addition, the plaintiff's experts stated that the warnings which were located on the subject grinder, inter alia, failed to adequately inform the user of the dangers of operating the grinder without a guard.

Therefore, the Supreme Court properly denied the cross motion of Black & Decker and Sears for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, as they failed to establish their prima facie entitlement to such relief (*see generally Winegrad v New York Univ. Med. Ctr., supra*).

The defendants' remaining contentions either are unpreserved for appellate review or without merit. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.