■ BAHER UDDIN et al., Respondents, v THREE BROTHERS CONSTRUCTION CORPORATION, Defendant, and CORNER STONE BAPTIST CHURCH, Appellant. [823 NYS2d 178]—

In an action to recover damages for personal injuries, etc., the defendant Corner Stone Baptist Church appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated October 27, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendant Corner Stone Baptist Church is granted.

This action arises out of a fall by the plaintiff Baher Uddin (hereinafter the plaintiff) from a scaffold while employed by the defendant Three Brothers Construction Corporation (hereinafter Three Brothers) to perform renovation work on the exterior of a building owned by the appellant Corner Stone Baptist Church (hereinafter the Church). The plaintiff and his wife commenced this action, inter alia, alleging violations of Labor Law §§ 200, 240, and 241. The Church moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds that it did not supervise the work and that the homeowner's exemption of Labor Law §§ 240 and 241 applied to the subject building.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, the Church demonstrated its prima facie entitlement to judgment as a matter of law with respect to, inter alia, its claim that it was entitled to the homeowner's exemption of Labor Law §§ 240 and 241, as the building was a single-family dwelling used solely as a residence for its pastor and his wife, no church business was conducted from the building (*see Muniz v Church of Our Lady of Mt. Carmel*, 238 AD2d 101,102-103 [1997]; *Conforti v Babad*, 182 AD2d 1010, 1011 [1992]; *see also Fernez v Kellogg*, 2 AD3d 397 [2003]), and the Church did not direct or control the work being performed (*see*

*Perri v Gilbert Johnson Enters., Ltd.,* 14 AD3d 681, 683 [2005]; *Garcia v Petrakis,* 306 AD2d 315, 316 [2003]).

Moreover, the Church established that it did not exercise "supervision and control over the work performed at the work site or [have] actual or constructive notice over the unsafe condition which allegedly caused the plaintiff's injuries" (*Begor v Mid-Hudson Hardwoods,* 301 AD2d 550, 551 [2003]). One of the Church's trustees checking on the work "did not rise to the level of supervision or control necessary to impose liability under Labor Law § 200 and common-law negligence" (*id*).

In response, the plaintiff failed to raise a triable issue of fact as to whether the Church was entitled to the exemption from Labor Law §§ 240 and 241 (*see Bartoo v Buell,* 87 NY2d 362 [1996]; *Baez v Cow Bay Constr.,* 303 AD2d 528 [2003]; *Muniz v Church of Our Lady of Mt. Carmel, supra; Conforti v Babad, supra; Pigott v Church of Holy Infancy,* 179 AD2d 161 [1992]). The plaintiff also failed to raise an issue of fact as to whether the Church exercised sufficient supervision or control over the work or whether it had notice of the unsafe condition (*see Acosta v Hadjigavriel,* 18 AD3d 406 [2005]; *Begor v Mid-Hudson Hardwoods, supra*).

Accordingly, the Supreme Court erred in denying the Church's motion for summary judgment dismissing the complaint insofar as asserted against it. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.