■ MARIO CASTELLANOS, Appellant, v UNITED CEREBRAL PALSY ASSOCIATION OF GREATER SUFFOLK, INC., Respondent. [909 NYS2d 757]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated June 12, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that he was injured when he fell off a defective ladder while working for a construction company that was hired to renovate a house owned by the defendant, United Cerebral Palsy Association of Greater Suffolk, Inc. The plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The defendant moved for summary judgment dismissing the complaint

on the grounds that it did not direct, control, or supervise the work and that it was exempt from the provisions of Labor Law § 240 (1) and § 241 (6) as the owner of a one- or two-family dwelling. The Supreme Court granted the motion. We affirm.

The homeowner's exemption to liability under Labor Law § 240 (1) and § 241 (6) is available to "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]; *see Parnell v Mareddy*, 69 AD3d 915 [2010]). Courts have considered several factors in determining whether a homeowner is entitled to the exemption, including the nature and purpose of the work and the commercial versus residential use of the property (*see Bartoo v Buell*, 87 NY2d 362 [1996]; *Van Amerogen v Donnini*, 78 NY2d 880 [1991]; *Cannon v Putnam*, 76 NY2d 644 [1990]).

Here, the defendant demonstrated its entitlement to judgment as a matter of law with respect to the homeowner's exemption under Labor Law § 240 (1) and § 241 (6). The defendant established that it did not direct or control the work, that the building was a single-family dwelling used solely as a residence for six disabled individuals who lived together and functioned as a family unit (*see* Mental Hygiene Law § 41.34 [f]), and that the home was not an income-producing property, as any commercial benefit the nonprofit defendant may have obtained from Medicare, Medicaid, or Social Security was ancillary to the residential purpose of the home (*see Bartoo v Buell*, 87 NY2d 362 [1996]; *Uddin v Three Bros. Constr. Corp.*, 33 AD3d 691 [2006]; *Muniz v Church of Our Lady of Mt. Carmel*, 238 AD2d 101 [1997]).

Moreover, the defendant established that it did not exercise supervision or control over the work performed at the work site (*see Ortega v Puccia*, 57 AD3d 54, 63 [2008]). The attendance of an employee of the defendant at biweekly site meetings to check on the progress of the work did not rise to the level of supervision or control necessary to establish common-law negligence or to impose liability under Labor Law § 200.

In response to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Uddin v Three Bros. Constr. Corp.*, 33 AD3d 691 [2006]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur. **[Prior Case History: 24 Misc 3d 1216(A), 2009 NY Slip Op 51469(U).]**