■ NUR HOSSAIN, Appellant, v MAREK KURZYNOWSKI et al., Respondents. [939 NYS2d 89]—

The plaintiff allegedly was injured when an unsecured ladder slipped from beneath him, causing him to fall while he was working for a contractor hired to perform window repairs on a residential building owned by the defendants. The residence was classified as a three-family dwelling by the Department of Buildings and housed three separate apartments, each one with a separate entrance. The defendants occupied one of the apartments, relatives of the defendants occupied the second apartment, and the third apartment was rented by the defendants to a tenant.

Following his accident, the plaintiff commenced this action against the defendants, alleging, among other things, violations of Labor Law § 240 (1) and § 241 (6). The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The defendants cross-moved for summary judgment dismissing the complaint, contending, among other things, that they could not be held liable since they were the owners of a two-family residence and did not direct, control, or supervise the plaintiff's work. Alternatively, they contended that the Labor Law § 240 (1) cause of action should be dismissed because the plaintiff was the sole proximate cause of his injury and that there was no violation of the Industrial Code to support a Labor Law § 241 (6) cause of action. The Supreme Court, inter alia, granted those branches of the defendants' cross motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action based on the homeowner's exemption and denied the plaintiff's motion.

Under the homeowner's exemption, owners of a one- or two-family dwelling are exempt from liability under Labor Law §§ 240 and 241 unless they directed or controlled the work being performed (*see Bartoo v Buell*, 87 NY2d 362, 367 [1996]; *Cannon v Putnam*, 76 NY2d 644 [1990]; *Chowdhury v Rodriguez*, 57 AD3d 121 [2008]). Although Labor Law § 240 (1) and § 241 (6) do not specifically define "family" for the purposes of the homeowner's exemption, Multiple Dwelling Law § 4 (5) describes, in pertinent part, a family as "two or more persons occupying a dwelling, living together and maintaining a common household." A building's classification as a "multiple dwell-

ing" does not automatically cause the homeowner to lose the protection of the exemption (*see Small v Gutleber*, 299 AD2d 536 [2002]).

Here, however, the defendants failed to demonstrate that the building was actually a two-family residence although classified as a three-family dwelling. While the defendants and members of the defendants' family occupied two of the three apartments in the building, these two apartments did not constitute a single-family dwelling, as each provided separate living spaces on different floors, each with its own entrance. The defendants did not submit any evidence demonstrating that the related occupants of these two separate apartments were living together and maintaining a common household as a single family. Therefore, as a matter of law, these two apartments did not together constitute a single-family dwelling, and the two apartments coupled with the third did not constitute a two-family dwelling. Thus, the defendants are not entitled to the homeowner's exemption (*compare Khela v Neiger*, 85 NY2d 333, 336 [1995]).

With respect to the defendants' alternate ground for summary judgment dismissing the Labor Law § 241 (6) cause of action, the defendants failed to meet their prima facie burden of demonstrating that they did not violate that statute. Labor Law § 241 (6) "imposes a *nondelegable* duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998], quoting Labor Law § 241 [6]). In order to state a cause of action under Labor Law § 241 (6), a plaintiff must allege that the property owners violated a regulation that sets forth a specific standard of conduct (*see e.g. Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). Because this section imposes a nondelegable duty on owners, a plaintiff need not show that the defendants exercised supervision or control over the worksite in order to establish a right of recovery (*see St. Louis v Town of N. Elba*, 16 NY3d 411, 413 [2011]).

Here, the plaintiff testified at his deposition that the rubber had worn away from the feet of the ladder he was given to perform repairs on the defendants' dwelling and that the ladder slipped out from underneath him while he was working. Consequently, the plaintiff alleged, among other things, that the defendants violated 12 NYCRR 23-1.21 (b) (3) (iv) in failing to properly maintain the ladder, which is sufficient to support a

cause of action alleging a violation of Labor Law § 241 (6) (*see Jicheng Liu v Sanford Tower Condominium, Inc.*, 35 AD3d 378 [2006]). Accordingly, the branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) should have been denied.

The Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action as procedurally defective pursuant to CPLR 3212 (b) since a complete set of pleadings were, in fact, annexed to the plaintiff's motion. Turning to the merits of his motion, the plaintiff made a prima facie showing of entitlement to summary judgment on the issue of liability by submitting evidence demonstrating that the ladder he used in performing repairs on the defendants' premises was defective and moved, causing him to fall. The plaintiff testified at his deposition that the ladder was "old," the rubber on its feet had worn away, and that it was unsecured, thus establishing a violation of Labor Law § 240 (1) (*see Melchor v Singh*, 90 AD3d 866 [2011]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff was the sole proximate cause of his accident and failed to establish prima facie their entitlement to summary judgment dismissing the cause of action (*see Gonzalez v AMCC Corp.*, 88 AD3d 945 [2011]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and denied that branch of the defendants' motion which was for summary judgment dismissing that cause of action (*see Gonzalez v AMCC Corp.*, 88 AD3d at 945; *Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624, 625 [2008]; *Boe v Gammarati*, 26 AD3d 351, 351-352 [2006]; *Blair v Cristani*, 296 AD2d 471, 471-472 [2002]; *Guzman v Gumley-Haft, Inc.*, 274 AD2d 555, 556 [2000]).

In light of our determination, it is unnecessary to address the plaintiff's remaining contentions. Dillon, J.P., Florio, Chambers and Roman, JJ., concur. **[Prior Case History: 29 Misc 3d 1237(A), 2010 NY Slip Op 52177(U).]**