In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated March 14, 2012, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant’s motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) are granted.
The plaintiff allegedly sustained personal injuries when he fell from a ladder while working at property owned by the de *971 fendant, Green Chimneys Children’s Services, Inc. (hereinafter Green Chimneys), a self-described “integrated campus for emotionally disturbed youths.” At the time of his accident, the plaintiff was performing preparatory work for the painting of the “Founder’s House,” a single-family house which was used exclusively as the residence of Green Chimneys’ founder and his wife. The plaintiff commenced this action, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Green Chimneys moved for summary judgment dismissing the complaint, arguing, among other things, that it did not supervise the plaintiffs work, and that it was exempt from the provisions of Labor Law §§ 240 (1) and 241 (6) as the owner of a one-family dwelling. The Supreme Court granted those branches of Green Chimneys’ motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200. The court concluded, among other things, that Green Chimneys did not supervise the plaintiff’s work. However, the court denied the remaining branches of the motion on the ground that Green Chimneys was not entitled to the homeowner’s exemption of Labor Law §§ 240 (1) and 241 (6).
Labor Law §§ 240 (1) and 241, which impose certain nondelegable safety duties upon “contractors^] owners and their agents,” specifically exempt “owners of one and two-family dwellings who contract for but do not direct or control the work.” Here, Green Chimneys demonstrated its prima facie entitlement to judgment as a matter of law with respect to, inter alia, its claim that it was entitled to the homeowner’s exemption of Labor Law §§ 240 (1) and 241 by establishing that the Founder’s House was a single-family dwelling used solely as a residence for Green Chimneys’ founder and his wife, the house served no commercial or business use for Green Chimneys, which received no income from the house, and Green Chimneys did not direct or control the work being performed (see Cannon v Putnam, 76 NY2d 644, 650 [1990]; Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc., 77 AD3d 879 [2010]; Uddin v Three Bros. Constr. Corp., 33 AD3d 691 [2006]; Baez v Cow Bay Constr., 303 AD2d 528 [2003]; Telfer v Gunnison Lakeshore Orchards, 245 AD2d 620 [1997]; Muniz v Church of Our Lady of Mt. Carmel, 238 AD2d 101 [1997]; Conforti v Babad, 182 AD2d 1010 [1992]; Pigott v Church of Holy Infancy, 179 AD2d 161 [1992]).
In opposition, the plaintiff failed to raise a triable issue of fact (see Bartoo v Buell, 87 NY2d 362 [1996]). Accordingly, the Supreme Court should have granted those branches of Green *972 Chimneys’ motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). Skelos, J.E, Hall, Lott and Hinds-Radix, JJ., concur.