(August 19, 2015)

■ LUCY ASSEVERO, Appellant, v HAMILTON & CHURCH PROPERTIES, LLC, Defendant/Third-Party Plaintiff-Respondent. CASTLE CONSTRUCTION GROUP, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [15 NYS3d 399]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 27, 2012, as granted those branches of the defendant/third-party plaintiff's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and denied her motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), and the third-party defendant separately appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the contractual and

common-law indemnification causes of action asserted in the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant/third-party plaintiff which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant/third-party plaintiff payable by the third-party defendant, and one bill of costs to the plaintiff payable by the defendant/third-party plaintiff.

Hugo Assevero was injured when he fell from a ladder while working on a project to renovate a four-story building located at 230 Elizabeth Street, Manhattan, which was owned by Hamilton & Church Properties, LLC (hereinafter Hamilton). Hamilton's sole member is Adam Woodward, who formed the limited liability company for the purpose of purchasing the building. According to Assevero, the accident occurred when the unsecured extension ladder that he was descending shifted, causing him to fall from the third floor to the basement. On the date of the accident, there were no stairs, scaffolding, staging, or temporary stairs in the building, and workers at the site were using ladders to travel between floors. The ladder Assevero was using when the accident occurred belonged to the Castle Construction Group (hereinafter Castle), a subcontractor on the project. Following the accident, Assevero commenced this action against Hamilton, seeking to recover damages for violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence. Hamilton in turn commenced a third-party action against Castle, seeking, inter alia, contractual and common-law indemnification.

At his deposition, Woodward testified that Hamilton purchased the subject building in September 2004 for $2.4 million. At the time of purchase, the ground floor of the building was leased to a retail store that sold women's handbags and accessories, and there were three residential apartments on the upper floors. The renovations which were in progress at the time of the accident added a fifth floor to the building, and converted the upper floors into two duplex residential apartments. Upon completion of the renovations, the duplex apartment on the second and third floors was leased to tenants, and the duplex apartment on the fourth and fifth floors was occupied by Woodward and his family. The ground floor of the building remained available to be leased for retail use. On June 20,

2011, the New York City Department of Buildings issued a new certificate of occupancy, which classified the building in the J-3 occupancy group applicable to one- and two-family residential dwellings.

After depositions were completed, Assevero moved for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), arguing that Hamilton violated that provision by failing to provide him with any safety devices to prevent him from falling to the basement. Hamilton then cross-moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), arguing that the homeowners' exemption to liability applied because the building was an owner-occupied, two-family dwelling that was not used solely for commercial purposes, and Hamilton did not direct or control the work being performed at the time of the accident. Castle also cross-moved, inter alia, for summary judgment dismissing the contractual and common-law indemnification causes of action asserted in the third-party complaint.

The Supreme Court granted those branches of Hamilton's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and denied Assevero's motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), concluding that Hamilton was entitled to the homeowner's exemption from liability under Labor Law §§ 240 (1) and 241 (6). The Supreme Court also denied those branches of Castle's cross motion which were for summary judgment dismissing the contractual and common-law indemnification causes of action asserted in the third-party complaint. Assevero died after filing his notice of appeal from the Supreme Court's order, and the administrator of his estate, Lucy Assevero, has been substituted as the plaintiff in this action.

"In 1980, the Legislature amended Labor Law §§ 240 and 241 to exempt 'owners of one and two-family dwellings who contract for but do not direct or control the work' from the absolute liability imposed by these statutory provisions" (*Bartoo v Buell*, 87 NY2d 362, 367 [1996]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008]). The homeowners' exemption "was enacted to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability imposed" by Labor Law §§ 240 and 241 (*Lombardi v Stout*, 80 NY2d 290, 296 [1992]). The intent of the homeowner's exemption was to make the law fairer and more reflective of the "practical reali-

ties governing the relationship between homeowners and the individuals they hire to perform construction work on their homes" (*Cannon v Putnam*, 76 NY2d 644, 649 [1990]; *see Khela v Neiger*, 85 NY2d 333, 337 [1995]). The fact that title to an otherwise qualifying one- or two-family dwelling is held by a corporation rather than an individual homeowner does not, in and of itself, preclude application of the exemption (*see Parise v Green Chimneys Children's Servs., Inc.*, 106 AD3d 970, 971 [2013]; *Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc.*, 77 AD3d 879, 880 [2010]; *Uddin v Three Bros. Constr. Corp.*, 33 AD3d 691, 692-693 [2006]; *Baez v Cow Bay Constr.*, 303 AD2d 528, 529 [2003]).

Here, Hamilton failed to make a prima facie showing that the subject building qualified as a two-family dwelling entitled to the protection of the homeowner's exemption. Although Hamilton submitted evidence that the building's certificate of occupancy classified it within the J-3 occupancy group that includes one- and two-family residential dwellings (*see* Administrative Code of City of NY § 27-266), this classification is not dispositive because it is primarily intended to govern what building code safety standards are applicable to the building (*see generally Greystone Hotel Co. v City of N.Y. Bd. of Stds. & Appeals*, 214 AD2d 467, 467-468 [1995]).

*Hossain v Kurzynowski* (92 AD3d 722 [2012]), in which this Court considered the issue of whether a three-unit residential building qualified for the homeowner's exemption, is instructive. In *Hossain*, the plaintiff was injured while performing repairs on a residential building owned by the defendants. The subject building was classified as a three-family dwelling by the New York City Department of Buildings, and contained three separate apartments, each one with a separate entrance. The defendants argued that the building should nevertheless be considered a two-family dwelling because they and members of their family resided in two of the three apartments. This Court rejected the defendants' argument that the two apartments that they and their family members occupied should be considered one unit, pointing out that "these two apartments did not constitute a single-family dwelling, as each provided separate living spaces on different floors, each with its own entrance" (*id.* at 724). This Court also noted that the defendants failed to submit any evidence demonstrating that the related occupants of the two separate apartments were living together and maintaining a common household as a single family. Thus, as a matter of law, the two apartments occupied by the defendants and their relatives did not together constitute a

single-family dwelling, and the two apartments coupled with the third did not constitute a two-family dwelling.

In this case, as in *Hossain*, the subject building does not qualify as a one-family or two-family dwelling within the scope of the exemption. The ground floor of the building contains a commercial unit intended for use as a retail store. The commercial unit has its own street level entrance, and is separate from the building's two residential apartments. Both of the apartments are also separate and have their own entrances. Moreover, two of the three separate units in the building are used to generate rental income. Although the Legislature did not define the terms "one- or two- family dwellings" when it enacted the homeowner's exemption (*see Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991]), extending the exemption to a three-unit building of this nature does not further the statutory aim which underlies it. Since the building does not qualify as a one-family or two-family dwelling, we reject Hamilton's contention that it is entitled to the homeowner's exemption based upon application of the "site and purpose" test, which is used to determine the availability of the exemption where a one or two-family dwelling is used for both commercial and residential purposes (*see Cannon v Putnam*, 76 NY2d at 650; *Sanchez v Marticorena*, 103 AD3d 1057, 1058 [2013]). Accordingly, the Supreme Court erred in granting those branches of Hamilton's cross motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action on the ground that Hamilton was entitled to the homeowner's exemption from liability under Labor Law §§ 240 (1) and 241 (6).

Contrary to the plaintiff's contention, she is not entitled to summary judgment on the cause of action alleging a violation of Labor Law § 240 (1). In support of the motion, Assevero submitted evidence establishing that he fell from an unsecured extension ladder when the ladder shifted, which was sufficient to make a prima facie showing of entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) (*see Grant v City of New York*, 109 AD3d 961, 962 [2013]; *Gonzalez v AMCC Corp.*, 88 AD3d 945, 946 [2011]). However, in opposition, Hamilton raised a triable issue of fact as to whether Assevero's alleged misuse of the ladder was the sole proximate cause of the accident (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 553-555 [2006]; *Daley v 250 Park Ave., LLC*, 126 AD3d 747, 749 [2015]; *Corchado v 5030 Broadway Props., LLC*, 103 AD3d 768, 769 [2013]; *Miller v Spall Dev. Corp.*, 45 AD3d 1297 [2007]).

The Supreme Court properly denied those branches of Castle's cross motion which were for summary judgment dismissing the contractual and common-law indemnification causes of action asserted in the third-party complaint. Castle failed to make a prima facie showing that it had no contractual obligation to indemnify Hamilton. Although the subcontract purchase order between Castle and Hamilton did not itself contain an indemnification provision, the purchase order made reference to an AIA Document, A-401 Standard Form of Agreement, which does contain such a provision. Castle's own submissions raised a triable issue of fact as to whether the parties intended the provisions of the A-401 Standard Form of Agreement to be incorporated by reference into the purchase order (see *Spiegler v Gerken Bldg. Corp.*, 35 AD3d 715 [2006]). Castle also failed to make a prima facie showing that it would not be required to indemnify Hamilton under the terms of the A-401 Standard Form of Agreement, if it was indeed incorporated by reference, because its submissions raised triable issues of fact as to whether the accident arose out of, or resulted from, the performance of its work, and whether the accident was caused by any negligent acts or omissions by Castle (see *Balladares v Southgate Owners Corp.*, 40 AD3d 667, 671 [2007]; *Greco v Archdiocese of N.Y.*, 268 AD2d 300, 302 [2000]). Since Castle's submissions revealed the existence of triable issues of fact as to its alleged negligence in causing the accident, it also failed to demonstrate, prima facie, its entitlement to judgment as a matter of law dismissing the common-law indemnification causes of action asserted in the third-party complaint (see *Ginter v Flushing Terrace, LLC*, 121 AD3d 840, 845 [2014]; *Mikelatos v Theofilaktidis*, 105 AD3d 822, 824 [2013]; *Weitz v Anzek Constr. Corp.*, 65 AD3d 678, 681 [2009]). Dillon, J.P., Chambers, Hall, and Maltese, JJ., concur.