Reinoso v Han Ma Um Zen Ctr. of N.Y., Inc. (2022 NY Slip Op 03755)

Reinoso v Han Ma Um Zen Ctr. of N.Y., Inc.

2022 NY Slip Op 03755

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-03128
 (Index No. 11070/15)

[*1]Luis Reinoso, respondent-appellant,
v
Han Ma Um Zen Center of New York, Inc., appellant-respondent.

Devitt Spellman Barrett, LLP, Smithtown, NY (Christi M. Kunzig and John M. Denby of counsel), for appellant-respondent.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Maureen A. Healy, J.), entered January 8, 2020. The order, insofar as appealed from, denied the defendant's cross motion for summary judgment, in effect, dismissing the complaint. The order, insofar as cross-appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On May 14, 2015, the plaintiff, who was employed by a nonparty, allegedly was injured when he fell from a ladder while painting the exterior of a detached garage that had been converted into a meditation room which was owned by the defendant. The ladder from which the plaintiff allegedly fell was owned by the defendant. The defendant is a religious organization which owns adjoining properties. One property contains a Buddhist Temple. The building that the plaintiff was painting is located on the other property, which also contains a house that is used by monks as a residence.
The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and the defendant cross-moved for summary judgment, in effect, dismissing the complaint. The Supreme Court denied the motion and the cross motion. The defendant appeals and the plaintiff cross-appeals.
The Supreme Court should have granted those branches of the defendant's cross [*2]motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). "Under the homeowner's exemption, owners of a one- or two-family dwelling used as a residence are exempt from liability under Labor Law §§ 240(1) and 241(6) unless they directed or controlled the work being performed" (Ramirez v I.G.C. Wall Sys., Inc., 140 AD3d 1047, 1048; see Santibanez v North Shore Land Alliance, Inc., 197 AD3d 1123, 1125; Alexandridis v Van Gogh Contr. Co., 180 AD3d 969, 973). "The phrase direct or control as used in those statutes is construed strictly and refers to the situation where the owner supervised the method and manner of the work" (Salgado v Rubin, 183 AD3d 617, 618 [internal quotation marks omitted]).
Here, the defendant established its prima facie entitlement to the homeowner's exemption. The deposition transcripts of the plaintiff and of the defendant's employee demonstrated that the defendant did not direct or control the plaintiff's work. Additionally, the deposition transcript of the defendant's employee and the affidavit of the defendant's expert architect demonstrated that the defendant was the owner of a one-family dwelling to which the meditation room was an accessory. Contrary to the plaintiff's contention, the defendant is entitled to the protections of this exemption even though it is a religious organization (see Labor Law §§ 240[1]; 241[6]; Bautista v Archdiocese of N.Y., 164 AD3d 450; Uddin v Three Bros. Constr. Corp., 33 AD3d 691; Muniz v Church of Our Lady of Mt. Carmel, 238 AD2d 101). In opposition, the plaintiff failed to raise a triable issue of fact.
Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Torres v City of New York, 127 AD3d 1163, 1165; see Ortega v Puccia, 57 AD3d 54, 61).
Here, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment, in effect, dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The defendant failed to demonstrate, prima facie, that it lacked notice of the allegedly dangerous or defective condition with respect to the ladder (see Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686, 690; Dougherty v O'Connor, 85 AD3d 1090, 1090-1091).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court