■ Jorge Pina, Appellant, v Tom E. Merolla et al., Defendants, and Rene Castella et al., Respondents. (And a Third-Party Action.) [824 NYS2d 411]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated September 21, 2005, which granted the motion of the defendant Whitford Development, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of the third-party defendant, alleged that he sustained injuries on September 25, 2002 when he fell from a scaffold while performing work at certain premises in Setauket owned by the defendant Rene Castella.

The president of Whitford Development, Inc. (hereinafter Whitford), clearly and unequivocally set forth, in his affidavit in support of his motion for summary judgment, that Whitford had no involvement in the construction and/or renovation work at the subject premises and that at no time did either Whitford or any of its employees undertake, direct, control, or supervise any work at the premises, including the work performed by the plaintiff. This established Whitford's prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it, thereby shifting the burden to the plaintiff to produce sufficient evidentiary proof in

admissible form to show the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). In response, the plaintiff failed to present evidence sufficient to raise a triable issue of fact (*see Zuckerman v City of New York, supra*).

Moreover, contrary to the plaintiff's contention, summary judgment was not granted prematurely, as the plaintiff failed to offer an evidentiary basis to suggest that discovery might lead to relevant evidence (*see Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615 [1999]) and that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant (*see Juseinoski v New York Hosp. Med. Ctr. of Queens,* 29 AD3d 636 [2006]; *Baron v Incorporated Vil. of Freeport,* 143 AD2d 792 [1988]). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment motion may be uncovered during the discovery process is insufficient to deny the motion (*see Arbizu v REM Transp., Inc.,* 20 AD3d 375 [2005]; *Kershis v City of New York,* 303 AD2d 643 [2003]; *Associates Commercial Corp. v Nationwide Mut. Ins. Co.,* 298 AD2d 537 [2002]; *Drug Guild Distribs. v 3-9 Drugs,* 277 AD2d 197 [2000]; *Weltmann v RWP Group,* 232 AD2d 550 [1996]; *Abbenante v Tyree Co.,* 228 AD2d 529 [1996]; *Mazzaferro v Barterama Corp.,* 218 AD2d 643 [1995]) or to postpone a decision on the motion (*see Keeley v Tracy,* 301 AD2d 502 [2003]; *Kennerly v Campbell Chain Co., Campbell Chain Div. McGraw-Edison Co.,* 133 AD2d 669 [1987]).

Accordingly, the Supreme Court properly granted Whitford's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.