■ Guillermo Castro et al., Appellants, v Demetrios Mamaes et al., Respondents. [858 NYS2d 137]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered May 16, 2007, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiffs' causes of action under Labor Law § 240 (1) and § 241 (6) as against defendants Demetrios Mamaes and Amanda Mamaes, and denied plaintiffs' cross motion for summary judgment on their cause of action under Labor Law § 240 (1) as against the same defendants, unanimously affirmed, without costs.

Plaintiffs were painting the exterior of defendants' single family home when the scaffold on which they were standing collapsed. Defendant Amanda Mamaes is the mother of defendants Demetrios Mamaes and Petros Mamaes. In or about 1981, the Mamaes family, including the sons' father and their grandmother, moved into the house. Following the deaths of the father and grandmother, defendants lived in the house together until in or about 2002, at which time Amanda entered a nursing home and Demetrios got married and moved out. Before entering the nursing home, Amanda transferred title to her sons and retained a life tenancy. Petros has remained in the house until the present and maintains it. Although Demetrios has a joint ownership interest with Petros, Petros does not pay rent to Demetrios. Nor does Petros obtain any kind of income from the property. It was Petros who hired plaintiffs' employer to paint the house in 2005. While plaintiffs appear to acknowledge that all three defendants satisfy the ownership prong of the one- and two-family dwelling exemption in the Labor Law, they argue that the exemption does not apply to Amanda and Demetrios

because they did not reside in the house at the time of the accident and had no intention of ever doing so. We reject that argument because the key circumstance in applying the exemption is not an owner's residential status but the residential nature of " 'the site and purpose of the work' " (*Sheehan v Gong*, 2 AD3d 166, 169 [2003], quoting *Khela v Neiger*, 85 NY2d 333, 337 [1995]). Here, the site, at all relevant times, has never served any commercial purpose, let alone an exclusively commercial purpose (*compare Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991] [exemption not available for work on a house that had always been used exclusively for commercial purposes], *with Bartoo v Buell*, 87 NY2d 362, 367-368 [1996] [exemption, which should be applied flexibly, available for work that directly related to residential use even though work also served a commercial purpose]). To the contrary, the only purpose of the house has been to serve as the primary residence of Mamaes family members, and the only purpose of the work that plaintiffs were performing when injured related to its residential use by Petros, the family member in residence at the time of the accident. Concur—Mazzarelli, J.P., Friedman, Buckley, Sweeny and Renwick, JJ.