■ Ru Fa Zheng, Respondent, v Liliana Goldman Cohen, Appellant. [861 NYS2d 717]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated August 15, 2007, as denied those branches of her motion which were for summary judgment dismissing the causes of action to recover damages for violation of Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendant after he was injured while performing construction work on the defendant's property in Brooklyn. The defendant alleges that although the property is registered as a "legal" three-family home, there have never been more than two families in residence since she purchased the house, and that she neither directed nor controlled the subject construction work. The defendant contends that she therefore is entitled to summary judgment dismissing the causes of action predicated upon alleged violations of Labor Law § 240 (1) and § 241 (6) since these statutes provide an exemption from their respective provisions for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]).

The defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law since there is a triable issue of fact as to whether the property was used and occupied as a three-family dwelling during her ownership. In addition, the record does not "unequivocally [demonstrate] that the sole purpose of the construction work was to convert . . . a multiple dwelling" into a one-family or two-family home, in which case the defendant would be afforded the "homeowner exemption" provided for in the Labor Law (*Stejskal v Simons*, 3 NY3d 628, 629 [2004]; *see Khela v Neiger*, 85 NY2d 333 [1995]; *Cannon v Putnam*, 76 NY2d 644 [1990]). Accordingly, the Supreme Court properly denied the defendant's motion, regardless of the sufficiency of the plaintiff's opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.