■ CARMELO ROJAS, Appellant, v JACOB SCHWARTZ et al., Respondents, et al., Defendant. (And a Third-Party Action.) [903 NYS2d 484]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 17, 2009, which granted those branches of the motion of the defendants Jacob Schwartz and Leah Schwartz which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]). To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have "authority to exercise supervision and control over the work" (*Gallello v MARJ*

*Distribs., Inc.*, 50 AD3d 734, 735 [2008]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 127-128 [2008]; *Guerra v Port Auth. of N.Y. & N.J.*, 35 AD3d 810, 811 [2006]; *Parisi v Loewen Dev. of Wappinger Falls*, 5 AD3d 648 [2004]). Where a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a landowner may be liable under Labor Law § 200 if it "either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]).

Here, under both theories of liability asserted, the respondents established their prima facie entitlement to judgment as a matter of law. The respondents established that they did not have the authority to supervise or control the plaintiff's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877; *Ortega v Puccia*, 57 AD3d at 67; *Capolino v Judlau Contr., Inc.*, 46 AD3d 733, 735 [2007]; *Garlow v Chappaqua Cent. School Dist.*, 38 AD3d 712, 713 [2007]). They further established that they did not create or have notice of the alleged defective condition (*see Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *Wynne v B. Anthony Constr. Corp.*, 53 AD3d 654, 656 [2008]; *Payne v 100 Motor Parkway Assoc., LLC*, 45 AD3d 550, 553 [2007]; *cf. Smith v Cari, LLC*, 50 AD3d 879, 880 [2008]). In opposition to the respondents' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted those branches of the respondents' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.