In an action to recover damages for personal injuries, etc., the *985 plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered August 20, 2012, as granted that branch of the defendant’s motion which was for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff Giacomo DiMaggio (hereinafter the injured plaintiff) allegedly was injured after falling from a ladder which slipped while he was power washing the roof of a single-family residence owned by the defendant. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant, alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1).
Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute (see Soto v J. Crew Inc., 21 NY3d 562, 566 [2013]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]). To recover, the plaintiff must have been engaged in a covered activity—“the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure” (Labor Law § 240 [1]; see Soto v J. Crew Inc., 21 NY3d at 566; Panek v County of Albany, 99 NY2d 452, 457 [2003]).
The defendant made a prima facie showing of her entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) based upon the applicability of the one- and two-family homeowner exemption (see Dougherty v O’Connor, 85 AD3d 1090 [2011]; Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc., 77 AD3d 879, 880 [2010]). The “homeowner’s exemption” to liability under Labor Law § 240 (1) “is available to ‘owners of one and two-family dwellings who contract for but do not direct or control the work’ ” (Holifield v Seraphim, LLC, 92 AD3d 841, 842 [2012], quoting Labor Law §§ 240 [1]; 241 [6]; see Chowdhury v Rodriguez, 57 AD3d 121, 126 [2008]). Here, it is undisputed that the defendant’s home where the accident occurred is a single-family private residence. The defendant also submitted the parties’ deposition testimony and her affidavit establishing, prima facie, that she did not direct or control the method or manner of the work. The defendant’s “involvement was merely a retention of the limited power of general supervision, and was no more extensive than would be expected of the typical homeowner who hired a contractor to renovate his or her home” (Orellana v Dutcher Ave. Bldrs., Inc., 58 AD3d 612, *986 614 [2009] [internal quotation marks omitted]; see Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 971 [2012]; Jumawan v Schnitt, 35 AD3d 382, 383 [2006]; Decavallas v Pappantoniou, 300 AD2d 617, 618 [2002]). Moreover, the defendant did not lose the protection of the statutory exemption by furnishing the ladder, bleach, and hose (see Facteau v Allen, 293 AD2d 847, 847-848 [2002]; see also Siconolfi v Crisci, 11 AD3d 600, 601 [2004]; Miller v Trudeau, 270 AD2d 683 [2000]; Kammerer v Baskewicz, 257 AD2d 811, 812 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action.
Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). “To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have ‘authority to exercise supervision and control over the work’ ” (Rojas v Schwartz, 74 AD3d 1046, 1046 [2010], quoting Gallello v MARJ Distribs., Inc., 50 AD3d 734, 735 [2008]; see Chowdhury v Rodriguez, 57 AD3d at 127-128). Where a plaintiffs injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it “ ‘either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition’ ” (Rojas v Schwartz, 74 AD3d at 1047, quoting Ortega v Puccia, 57 AD3d 54, 61 [2008]). When an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52 [2011]). A defendant moving for summary judgment in such a case may prevail “only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiffs accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard” (id. at 52).
Here, the defendant established, prima facie, both that she did not create or have actual or constructive notice of the alleged condition which caused the injured plaintiffs injury, and *987 that she did not have the authority to supervise or control the means and methods of the injured plaintiff’s work (see generally id.; Chowdhury v Rodriguez, 57 AD3d at 128). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the causes of action based on an alleged violation of Labor Law § 200 and common-law negligence.
Rivera, J.E, Austin, Roman and Hinds-Radix, JJ., concur.