■ OSCAR PINEDA, Appellant, v ALBERT ELIAS, Also Known as ALBERT STANLEY ELIAS, Respondent, et al., Defendants. [4 NYS3d 100]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 17, 2013, which granted that branch of the motion of the defendant Albert Elias which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Albert Elias which was for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff allegedly sustained injuries when he fell from a ladder while performing construction work on the residence of the defendant Albert Elias. Thereafter, the plaintiff commenced this action against the defendants, and Elias moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion.

Elias established, prima facie, the applicability of the one- and two-family homeowner exemption under Labor Law §§ 240 (1) and 241 (6) (see Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 970-971 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact (see Pina v Merolla, 34 AD3d 663, 664 [2006]). Furthermore, the Supreme Court properly rejected the plaintiff's contention that Elias's motion was premature, since the plaintiff offered nothing but speculation as to whether discovery might lead to evidence relevant to the applicability of the homeowner exemption (see id. at 664).

The Supreme Court erred, however, in granting that branch of Elias's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against him. The plaintiff alleged that his injuries were caused both by a dangerous condition on the premises and the "means and methods" of construction. Accordingly, in order to be entitled to judgment as a matter of law dismissing those causes of action, Elias was required to address both theories (see Garcia v Market Assoc.,

123 AD3d 661, 664 [2014]; *DiMaggio v Cataletto*, 117 AD3d 984, 986 [2014]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]). Since Elias failed to establish, prima facie, that he neither created nor had actual or constructive notice of a dangerous condition on the premises, that branch of his motion which was for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against him should have been denied, without regard to the sufficiency of the plaintiff's papers submitted in opposition (*see Garcia v Market Assoc.*, 123 AD3d at 665).

The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court (*see Petrozza v Franzen*, 109 AD3d 650, 652 [2013]; *Chapman v Pyramid Co. of Buffalo*, 63 AD3d 1623, 1624 [2009]; *Provident Bank v Giannasca*, 55 AD3d 812, 812 [2008]). Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.