■ JOHN BANSCHER et al., Appellants, v ACTUS LEND LEASE, LLC, et al., Respondents. [17 NYS3d 774]—

In an action to recover damages for personal injuries, etc.,

the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered August 1, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and, in effect, denied those branches of their cross motion which were for summary judgment on the issue of liability on those causes of action. The appeal brings up for review so much of an order of the same court entered December 16, 2013, as, upon reargument, adhered to so much of the determination in the order entered August 1, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the defendant Actus Lend Lease, LLC, and, in effect, denied those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on those causes of action insofar as asserted against that defendant (*see* CPLR 5517 [b]).

Ordered that the appeal from so much of the order entered August 1, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the defendant Actus Lend Lease, LLC, and, in effect, denied those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on those causes of action insofar as asserted against that defendant, is dismissed, as that portion of the order was superseded by the order entered December 16, 2013, made upon reargument; and it is further,

Ordered that the orders are affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff John Banscher (hereinafter the injured plaintiff) allegedly was injured while installing shingles on a pitched roof when another worker's water jug rolled down the roof and struck him, causing him to fall onto the surface of the roof. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against the general contractor, Actus Lend Lease, LLC (hereinafter Actus), and the owner of the premises, Atlantic Marine Corps Communities, LLC (hereinafter Atlantic) (hereinafter together the defendants). The defendants moved, inter alia, for summary judgment dismissing the causes of action alleging common-law

negligence and a violation of Labor Law § 200, and the plaintiffs cross-moved, among other things, for summary judgment on the issue of liability on those causes of action. In an order entered August 1, 2013, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and, in effect, denied those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on those causes of action. The plaintiffs then moved for leave to reargue their opposition to those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against Actus, and to reargue that branch of their cross motion which was for summary judgment on the issue of liability on those causes of action insofar as asserted against that defendant. In an order entered December 16, 2013, the Supreme Court, upon reargument, adhered to its original determination in the order entered August 1, 2013, with respect to Actus.

"Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (*Pacheco v Smith*, 128 AD3d 926, 926 [2015]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed at a work site, an owner or manager of real property must have authority to exercise supervision and control over the work at the site" (*Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735 [2008]). However, "the right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence" (*Gasques v State of New York*, 59 AD3d 666, 668 [2009], *affd* 15 NY3d 869 [2010]). "Where a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a [defendant] may be liable under Labor Law § 200 if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (*Rojas v Schwartz*, 74 AD3d 1046, 1047 [2010], quoting *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Where an accident is alleged to involve both a dangerous condition on the premises and the "means and methods" of the work, a defendant moving for summary judgment with respect to causes of action alleging a violation

of Labor Law § 200 is obligated to address the proof applicable to both liability standards (*see Pineda v Elias*, 125 AD3d 738 [2015]; *DiMaggio v Cataletto*, 117 AD3d 984, 986 [2014]).

Here, the plaintiffs' complaint and verified bill of particulars alleged both premises liability and "means and methods" liability (*see Garcia v Market Assoc.*, 123 AD3d 661, 664 [2014]). With respect to premises liability, the plaintiffs alleged, inter alia, that the defendants were "negligent in the operation, management, maintenance, care and control of the . . . construction site and premises," and had actual or constructive notice of a dangerous condition on the premises. With regard to "means and methods" liability, the plaintiffs alleged that the defendants "had a non-delegable duty to supervise" the construction project to ensure that it was conducted safely, "fail[ed] to make proper inspections of the work in progress to determine whether or not proper safety precautions were being observed," and allowed a water container to be elevated to the roof and stored "in a loose and hazardous manner" during the course of the work. Thus, to establish their prima facie entitlement to judgment as a matter of law, the defendants were obligated to address the proof applicable to both liability standards (*see Pineda v Elias*, 125 AD3d at 738; *Garcia v Market Assoc.*, 123 AD3d at 664).

The defendants established, prima facie, both that they did not create or have actual or constructive notice of the allegedly dangerous condition which caused the injured plaintiff's accident, and that they did not have the authority to supervise or control the means and methods of the injured plaintiff's work (*see DiMaggio v Cataletto*, 117 AD3d at 986-987; *Palacios v 29th St. Apts, LLC*, 110 AD3d 698, 699 [2013]; *Paladino v Society of N.Y. Hosp.*, 307 AD2d 343, 345 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against Atlantic and properly, in effect, denied those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on those causes of action insofar as asserted against Atlantic. Likewise, the Supreme Court properly, upon reargument, adhered to so much of the original determination as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a

violation of Labor Law § 200 insofar as asserted against Actus, and, in effect, denied those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on those causes of action insofar as asserted against Actus. Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.