■ Manjit S. Sandals, Appellant, v Bassie Shemtov, Respondent. [29 NYS3d 448]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 5, 2013, which denied his motion, inter alia, for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1), and, in effect, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when a ladder that he was standing on while painting a fire escape on premises owned by the defendant slipped backwards, causing the plaintiff to fall to the ground. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240 and 241. Following discovery, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The defendant opposed the motion, and also moved for summary judgment dismissing the complaint. In her motion for summary judgment, the defendant contended that she could not be held liable for the plaintiff's injuries pursuant to the homeowners' exemption from liability under Labor Law §§ 240 (1) and 241 (6) for owners of one- or two-family dwellings because she did not direct, control, or supervise the plaintiff's work. The Supreme Court, inter alia, denied the plaintiff's motion and, in effect, granted the defendant's motion.

The defendant made a prima facie showing that she was

entitled to the benefit of the homeowners' exemption (*see Garcia v Pond Acquisition Corp.*, 131 AD3d 1102, 1103 [2015]; *Lenda v Breeze Concrete Corp.*, 73 AD3d 987 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008]; *Ortega v Puccia*, 57 AD3d 54, 58 [2008]). Although the premises are classified as a multiple dwelling, the deposition testimony of the defendant's sister-in-law demonstrates that the premises are divided into only two separate living spaces and function exclusively as a private home for the defendant's family members. Thus, the premises qualify as a two-family dwelling falling within the scope of the exemption (*see Castro v Mamaes*, 51 AD3d 522 [2008]; *cf. Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991]; *Hossain v Kurzynowski*, 92 AD3d 722, 723 [2012]; *Lenda v Breeze Concrete Corp.*, 73 AD3d at 989; *Trala v Egloff*, 258 AD2d 924, 924 [1999]). The parties' deposition testimony and the defendant's affidavit also establish, prima facie, that the defendant did not direct or control the plaintiff's work (*see DiMaggio v Cataletto*, 117 AD3d 984, 986 [2014]).

In opposition to the defendant's motion, the plaintiff failed to raise a triable issue of fact as to whether the premises qualified as a one- or two-family dwelling, whether the site and purpose of the work was primarily residential or commercial (*see Khela v Neiger*, 85 NY2d 333, 337 [1995]; *Cannon v Putnam*, 76 NY2d 644, 650 [1990]; *Castro v Mamaes*, 51 AD3d 522 [2008]), or whether the defendant directed or controlled the plaintiff's work (*see DiMaggio v Cataletto*, 117 AD3d at 986). Contrary to the plaintiff's contention, under the facts of this case, the defendant was not required to demonstrate that the sole purpose of the construction work being performed at the time of the plaintiff's accident was undertaken to convert the premises into a one-family home (*cf. Ru Fa Zheng v Cohen*, 52 AD3d 801 [2008]). Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action.

The defendant also established, prima facie, that she did not have the authority to control or supervise the means and methods of the plaintiff's work, nor have actual or constructive notice of the dangerous conditions alleged, to support the imposition of liability under Labor Law § 200 (*see Banscher v Actus Lend Lease, LLC*, 132 AD3d 707 [2015]; *DiMaggio v Cataletto*, 117 AD3d at 986; *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. "[T]he right to generally supervise the work, stop the contractor's work if a safety violation is

noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200" (*Banscher v Actus Lend Lease, LLC*, 132 AD3d at 709 [internal quotation marks omitted]; *see Ortega v Puccia*, 57 AD3d at 62). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 200 cause of action.

The plaintiff's remaining contentions are either without merit or need not be reached in light of our determination. Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.