STANISLAW WEJS, Respondent, v JOHN EDWARD HEIN-BOCKEL et al., Appellants, et al., Defendants. [37 NYS3d 569]—

In an action to recover damages for personal injuries, the de-

fendants John Edward Heinbockel and Kelly Heinbockel appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 18, 2015, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants John Edward Heinbockel and Kelly Heinbockel which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against them is granted.

On May 10, 2012, the plaintiff allegedly was injured when a portion of a gazebo which he and other workers were constructing in the backyard of a property owned by John Edward Heinbockel and Kelly Heinbockel (hereinafter together the defendants), collapsed on top of him. In May 2013, the plaintiff commenced this personal injury action against the defendants and others alleging, inter alia, common-law negligence. Prior to discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the cause of action alleging common-law negligence.

Landowners and general contractors have a common-law duty to provide workers with a reasonably safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]; Banscher v Actus Lend Lease, LLC, 132 AD3d 707, 708 [2015]; DiMaggio v Cataletto, 117 AD3d 984, 986 [2014]). To be held liable for common-law negligence for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the means and methods of the plaintiff's work (see Rojas v Schwartz, 74 AD3d 1046, 1046 [2010]; Chowdhury v Rodriguez, 57 AD3d 121, 127-128 [2008]; Gallello v MARJ Distribs., Inc., 50 AD3d 734, 735 [2008]). Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable for common-law negligence if it " 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition' " (Rojas v Schwartz, 74 AD3d at 1047, quoting Ortega v Puccia, 57 AD3d 54, 61 [2008]). When an accident is alleged to involve defects in both the premises and the equipment used

at the work site, a defendant moving for summary judgment with respect to causes of action alleging common-law negligence is obligated to address the proof applicable to both liability standards (*see Banscher v Actus Lend Lease, LLC*, 132 AD3d at 709; *DiMaggio v Cataletto*, 117 AD3d at 986; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]). A defendant moving for summary judgment in such a case may prevail "only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard" (*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d at 52).

Here, the defendants established their prima facie entitlement to judgment as a matter of law on the cause of action alleging common-law negligence by establishing both that they did not create or have actual or constructive notice of the alleged condition which caused the plaintiff's injury, and that they did not have the authority to supervise or control the means and methods of the plaintiff's work (*see Banscher v Actus Lend Lease, LLC*, 132 AD3d at 710; *DiMaggio v Cataletto*, 117 AD3d at 986-987). In opposition, the plaintiff failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against them. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.