Rashid v Hartke (2019 NY Slip Op 03093)





Rashid v Hartke


2019 NY Slip Op 03093


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-02059
 (Index No. 513837/15)

[*1]MD Harunur Rashid, respondent,
v
John Hartke, et al., appellants.


Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York, NY (Christopher M. Yapchanyk of counsel), for appellants.
Omrani & Taub, P.C., New York, NY (James L. Forde and Susan Reyes of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated January 10, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff was injured while he was performing work on a brownstone facade of a dwelling in Brooklyn. The plaintiff commenced this action against the owners of the dwelling, alleging violations of Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence. The defendants moved for summary judgment dismissing the complaint, citing the homeowner's exemption from liability under Labor Law §§ 240(1) and 241(6), and arguing that they did not direct or control the plaintiff's work. The plaintiff opposed the motion on the ground that there existed a triable issue of fact as to whether the dwelling was a single-family or multi-family home. The Supreme Court denied the motion, and the defendants appeal.
The defendants made a prima facie showing that they were entitled to the benefit of the homeowners' exemption (see Sandals v Shemtov, 138 AD3d 720, 721). Although the subject building is classified as a multiple- or three-family dwelling by the New York City Department of Buildings, the deposition testimony of the defendant John Hartke demonstrates that the dwelling functions exclusively as a private home for the defendants, who are a married couple. Thus, the defendants established, prima facie, that the premises qualify as a single-family dwelling falling within the scope of the exemption (see id. at 721; Castro v Mamaes, 51 AD3d 522; cf. Van Amerogen v Donnini, 78 NY2d 880, 882; Hossain v Kurzynowski, 92 AD3d 722, 723). In opposition to the defendants' motion, the plaintiff failed to raise a triable issue of fact as to whether the premises qualified as a single-family dwelling, and whether the site and purpose of the work was primarily residential or commercial (see Sandals v Shemtov, 138 AD3d at 721; Castro v Mamaes, 51 AD3d at 522). Accordingly, the Supreme Court should have granted those branches of the defendants' [*2]motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action.
The defendants also established, prima facie, that they did not have the authority to control or supervise the means and methods of the plaintiff's work, nor have actual or constructive notice of the dangerous conditions alleged, to support the imposition of liability under common-law negligence or Labor Law § 200 (see DiMaggio v Cataletto, 117 AD3d 984, 985). Moreover, the plaintiff failed to raise a triable issue of fact as to whether the defendants had the authority to exercise that degree of direction and control necessary to impose liability for these causes of action (see Cambizaca v New York City Tr. Auth., 57 AD3d 701, 702). Accordingly, the Supreme Court also should have granted those branches of the defendants' motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court