Robles v Taconic Mgt. Co., LLC (2019 NY Slip Op 04978)





Robles v Taconic Mgt. Co., LLC


2019 NY Slip Op 04978


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-08614
 (Index No. 75742/06)

[*1]Edilberto Robles, appellant-respondent,
v
Taconic Management Company, LLC, et al., respondents-appellants, Collins Building Services, Inc., et al., respondents, 111 Chelsea, LLC, defendant third-party plaintiff- respondent-appellant, Waldorf Carting Corporation, defendant third-party defendant-respondent, Calvin Maintenance, Inc., third-party defendant-respondent, et al., third-party defendant.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant-respondent.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for respondents-appellants Taconic Management Company, LLC, and Taconic Management Corp., and defendant third-party plaintiff-respondent-appellant, 111 Chelsea, LLC.
Cartafalsa, Slattery, Turpin & Lenoff, New York, NY (David S. Pasternak of counsel), for respondent Collins Building Services, Inc.
Geringer, McNamara & Horowitz LLP, New York, NY (John T. McNamara of counsel), for respondents New York Elevator & Electrical Corporation and New York Elevator Co., Inc.
Perry, Van Etten, Rozanski & Primavera, LLP, New York, NY (Joseph C. Bellard of counsel), for defendant third-party defendant-respondent, Waldorf Carting Corporation, and third-party defendant-respondent, Calvin Maintenance, Inc.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals, and the defendants Taconic Management Company, LLC, Taconic Management Corp., and 111 Chelsea, LLC, cross-appeal, from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated May 31, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendants Taconic Management Company, LLC, Taconic Management Corp., and 111 Chelsea, LLC, and the separate motions of the defendant Collins Building Services, Inc., the defendant New York Elevator & Electrical Corporation, and the defendants Waldorf Carting Corporation and Calvin Maintenance, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence insofar as asserted against the defendants Taconic Management Company, LLC, Taconic Management Corp., 111 Chelsea, LLC, Collins Building Services, Inc., and Waldorf Carting Corporation, and granted that branch of the motion of the defendants Taconic Management Company, LLC, Taconic Management Corp., and 111 Chelsea, LLC, which was for summary judgment dismissing the cause of action [*2]alleging a violation of Labor Law § 241(6) insofar as asserted against them. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants Taconic Management Company, LLC, Taconic Management Corp., and 111 Chelsea, LLC, which were for summary judgment on their cross claims and third-party causes of action for indemnification against the defendants Collins Building Services, Inc., New York Elevator & Electrical Corporation, and Waldorf Carting Corporation, and granted those branches of the separate motions of the defendant Collins Building Services, Inc., the defendant New York Elevator & Electrical Corporation, and the defendants Waldorf Carting Corporation and Calvin Maintenance, Inc., which were for summary judgment dismissing the cross claims and third-party causes of action for indemnification insofar as asserted against each of them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendants Taconic Management Company, LLC, Taconic Management Corp., and 111 Chelsea, LLC, and the separate motion of the defendants Waldorf Carting Corporation and Calvin Maintenance, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence insofar as asserted against the defendants Taconic Management Company, LLC, Taconic Management Corp., 111 Chelsea, LLC, and Waldorf Carting Corporation, and substituting therefor a provision denying those branches of those motions, and (2) by deleting the provision thereof granting those branches of the separate motions of the defendant Collins Building Services, Inc., and the defendants Waldorf Carting Corporation and Calvin Maintenance, Inc., which were for summary judgment dismissing the cross claims and third-party causes of action for indemnification insofar as asserted against the defendants Collins Building Services, Inc., and Waldorf Carting Corporation, and substituting therefor a provision denying those branches of those motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, payable by the defendants Waldorf Carting Corporation, Taconic Management Company, LLC, Taconic Management Corp., and 111 Chelsea, LLC, appearing separately and filing separate briefs.
The plaintiff, a laborer who was transporting demolished materials onto a freight elevator, allegedly sustained injuries when he was struck on the head by a closing vertical elevator door. The plaintiff commenced this action alleging, inter alia, violations of Labor Law §§ 200 and 241(6), as well as common-law negligence, against the owner of the building where the accident occurred, 111 Chelsea, LLC (hereinafter Chelsea); the management company, Taconic Management Company, LLC, and Taconic Management Corp. (hereinafter together Taconic); the company contracted to operate the freight elevator, Collins Building Services, Inc. (hereinafter Collins); the company contracted to service the elevator, New York Elevator & Electrical Corporation and New York Elevator Co., Inc. (hereinafter together NYE); and the company that employed the plaintiff's foreman, Waldorf Carting Corporation (hereinafter Waldorf). Chelsea commenced a third-party action against Waldorf as well as the plaintiff's employer, Calvin Maintenance, Inc. (hereinafter Calvin), seeking indemnification.
Following discovery, Taconic and Chelsea together moved for summary judgment, inter alia, dismissing the complaint and all cross claims insofar as asserted against each of them, and on their cross claims and third-party causes of action for common-law and contractual indemnification against Collins, NYE, Waldorf, and Calvin. Additionally, Waldorf and Calvin together, as well as Collins and NYE separately, also moved for summary judgment dismissing all causes of action and cross claims insofar as asserted against them.
The Supreme Court granted the separate motions of NYE and Collins for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The court also granted those branches of Taconic and Chelsea's motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them by Collins, NYE, Waldorf, and Calvin, but denied the motion insofar as it sought summary judgment on their cross claims and third-party causes of action for common-law and contractual indemnification against Collins, NYE, Waldorf, and Calvin. The court granted that branch of Waldorf and Calvin's motion which was for summary judgment dismissing the complaint insofar as asserted against Waldorf, and dismissing Chelsea's third-party complaint and all cross claims asserted against both Waldorf and Calvin. The plaintiff appeals, and Taconic and Chelsea cross-appeal.
To prevail on a cause of action under Labor Law § 241(6), a plaintiff must establish a violation of a specific safety regulation promulgated by the Commissioner of the Department of Labor (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Here, Taconic and Chelsea demonstrated, prima facie, that the specific safety regulation that the plaintiff claims was violated, 12 NYCRR 23-7.1, was not sufficiently specific to support the cause of action (see Wade v Bovis Lend Lease LMB, Inc., 102 AD3d 476, 477). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, we agree with the Supreme Court's determination to grant dismissal of the Labor Law § 241(6) cause of action insofar as asserted against Taconic and Chelsea.
"Labor Law § 200 is a codification of the common-law duty to provide workers with a safe work environment" (Azad v 270 5th Realty Corp., 46 AD3d 728, 730; see Brown v Brause Plaza, LLC, 19 AD3d 626, 628). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61). "These two categories should be viewed in the disjunctive" (id. at 61).
The plaintiff alleges that Taconic and Chelsea were liable because both entities exercised supervisory control over the work and failed to properly guard the freight elevators, which
constituted a dangerous condition. This allegation involves both a dangerous condition on the premises and the "means and methods" of the work, and thus, Taconic and Chelsea, as the defendants moving for summary judgment, were obligated to address the evidence applicable to both liability standards (see Banscher v Actus Lend Lease, LLC, 132 AD3d 707, 709-710).
The representative who appeared on behalf of Taconic and Chelsea at their depositions testified that he would "[s]how [Waldorf employees] what pipes to take down and what electrical conduits to remove and make sure they are working in a safe manner." Additionally, there was testimony from another witness that Taconic could directly give orders to the elevator operators, and would schedule which elevators would be used for which freight jobs. Inasmuch as this evidence was attached to the moving papers of Taconic and Chelsea, those parties failed to meet their prima facie burden of demonstrating that they did not supervise and control the plaintiff's work (see Everitt v Nozkowski, 285 AD2d 442, 444; see generally Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d 944, 946). Thus, neither Taconic nor Chelsea was entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them.
Taconic and Chelsea's failure to eliminate triable issues of fact regarding their negligence also precludes the granting of summary judgment in their favor on the issue of indemnification (see Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662; Benedetto v Carrera Realty Corp., 32 AD3d 874, 875).
"A contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party" (Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d 955, 956, citing Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, there are three exceptions to that general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d at 140 [internal quotation marks, brackets, and citations omitted]).
Here, Collins, the entity contracted by Taconic to operate the freight elevators, met its prima facie burden of demonstrating that none of the Espinal exceptions were applicable. Collins did not launch a force or instrument of harm where its alleged negligence was the omission of failing to perform its duty of operating the elevator and preventing others from doing so (see Santos v Deanco Servs., Inc., 142 AD3d 137, 142). Additionally, the plaintiff could not have relied on Collins' continuing performance of its contractual obligation where he knew that the elevator was being operated by someone other than a Collins employee (see Brooks v Maintenance Serv. [*3]Resources, Inc., 44 AD3d 887, 889). Finally, Collins did not entirely displace the duty of either Taconic or Chelsea to maintain the premises safely where Taconic retained the ability to give direct orders to the elevator operators, schedule which elevators would be used for which freight jobs, and actually operate the elevators.
In opposition, the plaintiff failed to raise a triable issue of fact with respect to any of the Espinal exceptions. Therefore, we agree with the Supreme Court's determination to grant those branches of Collins' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Nevertheless, since there are triable issues of fact regarding whether Collins was negligent in failing to prevent unauthorized persons from using the freight elevators, the cross claims for indemnification asserted by Taconic and Chelsea remain viable (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 216).
"The protection against lawsuits by injured workers that is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) also extends to entities that are alter egos of the entity which employs the plaintiff" (Quizhpe v Luvin Constr. Corp., 103 AD3d 618, 618-619). "A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer" (Batts v IBEX Constr., LLC, 112 AD3d 765, 766). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (Quizhpe v Luvin Constr. Corp., 103 AD3d at 619; see Salcedo v Demon Trucking, Inc., 146 AD3d 839, 840-841).
Here, Waldorf failed to make a prima facie showing that it was an alter ego of the plaintiff's employer. Although Waldorf presented evidence that the two companies were owned by the same holding company and shared facilities, Waldorf's submissions also demonstrated that the entities were formed for different purposes and had different workforces that performed different functions. Therefore, because there was evidence both that the plaintiff's foreman was a Waldorf employee and that the same foreman was the person who caused the freight elevator door to close on the plaintiff's head, Waldorf was not entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Further, this same evidence also raises a triable issue of fact whether common-law indemnification against Waldorf is prohibited by the Workers' Compensation Law (see generally Spiegler v Gerken Bldg. Corp., 35 AD3d 715, 716).
We agree with the Supreme Court's determination that NYE was entitled to summary judgment dismissing all cross claims asserted against it. NYE demonstrated, prima facie, that there was no negligence on its part that may have contributed to the plaintiff's accident (compare Stone v Williams, 64 NY2d 639, 642, with Mas v Two Bridges Assoc., 75 NY2d 680, 691). In opposition, Taconic and Chelsea failed to raise a triable issue of fact.
The parties' remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court